(No. 84-CC-2062

TEXACO, INC., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 25, 1984.*

*Order on Court's motion filed July 27, 1984.*

JAMES C. SHY, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

The record in this cause indicates that this is a standard lapsed appropriation claim. The Attorney

General has submitted a Respondent's stipulation based upon a report of the Department of Corrections.

This Court finds that this was a properly authorized expenditure of which $36.39 remains unpaid. The purpose of the expenditure was for gasoline for State-owned vehicles.

Money was appropriated under line item #001-42605-1800-00-00. A sufficient amount lapsed to cover this claim. Claimant's Social Security or Federal Tax I.D. number is 741-383-447.

It is hereby ordered that the Claimant be and is hereby awarded, in full satisfaction of this claim, the sum of thirty-six and 39/100 ($36.39) dollars.

## ORDER ON COURT'S MOTION

ROE, C.J.

This matter comes on to be heard on the Court's own motion:

On May 25, 1984, this Court rendered an opinion in this claim awarding the Claimant $36.39. The claim was for payment for gasoline for State-owned vehicles and was based on lapsed appropriations. Our decision was based on a stipulation by the Respondent and a departmental report issued by the Illinois Department of Corrections. Such reports are accorded the extraordinary status of being *prima facie* evidence of the facts therein by rule of this Court.

The bill of particulars attached to the complaint in this case shows that the claim consists of two purchases, one occurring in May of 1983, and one occurring in April of 1983. The departmental report, signed by one John S. Crain, fiscal manager, of the Department of Corrections

and dated March 19, 1984, verified this was a proper claim for Fiscal Year 1983 funds.

In due course the Court caused a State warrant to be issued in payment of the award made. Subsequently the Court received a letter from the Claimant stating it had received payment of the amount claimed on February 29, 1984. Enclosed with said letter was the Court's warrant. Vouchering of this payment would have had to have been done at least three weeks prior to the date of the Department of Corrections' report. But for the integrity and laudable actions of the Claimant herein, the negligence and possible violation of the law by the Department of Corrections in paying the claim with Fiscal Year 1984 funds would have resulted in double payment.

Because this cause of action has been previously satisfied, it is hereby ordered that it be, and hereby is, dismissed.